UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BLINCOW, | No. 2: 16-cv-01771-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| MILLERCOORS, LLC and DOES 1 through 10, inclusive, | |
| Defendants. | |

After a long career, 61-year-old John Blincow was fired by MillerCoors, LLC. In this diversity action, he sues MillerCoors under state law, claiming he was terminated unlawfully based on his age and gender. MillerCoors moves for summary judgment, arguing plaintiff was fired solely for his poor performance. Summ. J. Mot., ECF No. 18. Plaintiff opposes. Opp'n, ECF No. 22. Plaintiff also moves to strike evidence attached to MillerCoors's reply brief. Strike Mot., ECF No. 27. The court held a hearing on June 29, 2018. H'rg Mins., ECF No. 34. As explained below, MillerCoors's summary judgment motion is DENIED on all claims but GRANTED as to plaintiff's punitive damages demand; plaintiff's motion to strike is DENIED as MOOT.

/////

/////

1

I. <u>LEGAL STANDARD: SUMMARY JUDGMENT</u>[1]

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the non-movant to show "there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, the parties can either cite evidence supporting their own position, or show the other side's position is either unsupportable or devoid of any genuine dispute. Fed. R. Civ. P. 56(c)(1). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247-48; *see also Matsushita*, 475 U.S. at 586 (non-movant must show more than "some metaphysical doubt as to the material facts").

In deciding summary judgment, courts draw all inferences and view all evidence in the non-movant's favor. *Matsushita*, 475 U.S. at 587-88. "Where the record taken as a whole could not lead a rational trier of fact to find for the [non-movant], there is no 'genuine issue for trial.'" *Id.* at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). Because courts should act "with caution in granting summary judgment," courts may "deny summary judgment in a case where there is reason to believe the better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 255. Trial may be necessary, for instance, "if the judge has doubt as to the wisdom of terminating the case before trial," *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1507 (9th Cir. 1995) (quoting *Black v. J.I. Case Co.*, 22 F.3d

---

[1] To streamline orders where, as here, the parties have counsel and genuine factual issues preclude summary judgment on all claims, the court has adopted a shortened order form in the interests of judicial efficiency.

1    568, 572 (5th Cir. 1994)). This is true "even in the absence of a factual dispute." *Rheumatology Diagnostics Lab., Inc v. Aetna, Inc.*, No. 12-05847, 2015 WL 3826713, at *4 (N.D. Cal. June 19, 2015) (quoting *Black*, 22 F.3d at 572).

II.     <u>AGE AND GENDER DISCRIMINATION (Claims 1 and 2)</u>

Plaintiff contends he was terminated unlawfully based on his age and gender in violation of California's Fair Employment and Housing Act ("FEHA"). *See* Compl. ¶¶ 25-33 (Ex. A, ECF No. 1) (citing Cal. Gov't Code §§ 12940-41). MillerCoors argues it is entitled to summary judgment on both claims because plaintiff cannot prove he was terminated for reasons beyond his poor performance. *See generally* Summ. J. Mot.

Age and gender discrimination claims set up a familiar burden shifting framework. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994); *see also Carr v. Barnabey's Hotel Corp.*, 23 Cal. App. 4th 14, 18 (1994) ("Federal precedent applies to [FEHA], which is analogous to the federal Civil Rights Act."). First, plaintiff must establish a *prima facie* discrimination case. *Wallis*, 26 F.3d at 889. If he succeeds, the burden shifts to MillerCoors to offer a legitimate basis for the termination. *Id.* Then the burden shifts back to plaintiff to show MillerCoors's justification is pretextual. *Id.* As explained below, plaintiff has met his burden to withstand summary judgment on both of his discrimination claims.

A.    <u>*Prima Facie* Case</u>

"Very little" evidence is required to establish a *prima facie* case. *Sischo–Nownejad v. Merced Community College Dist.*, 934 F.2d 1104, 1111 (9th Cir. 1991), *superseded by statute on other grounds as recognized in Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1041 (9th Cir. 2005). Plaintiff has met his burden to do so.

The parties dispute only one element: Whether plaintiff was performing his job satisfactorily when he was fired. *See* Summ. J. Mot. at 6 ("For purposes of this Motion, MillerCoors does not challenge the first, second, and fourth elements of the *prima facie* case."); *see also Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 704-05 (9th Cir. 1993) (applying all four elements, a plaintiff must show (1) membership in a protected class; (2) an adverse employment action;

3

1  (3) satisfactory job performance; and (4) replacement by someone outside the protected class with
2  equal or lesser qualifications).

3  At this stage, plaintiff need not "eliminate" his job performance as a potential basis
4  for the termination; he need only proffer some evidence that he was adequately performing his
5  job. *See Aragon v. Republic Silver State Disposal*, 292 F.3d 654, 659-60 (9th Cir. 2002). That
6  plaintiff received five substandard "building performance" reviews before he was fired does not
7  conclusively show inadequate job performance. *See* Def.'s Facts 48-49 (ECF No. 18-2). There
8  also is countervailing evidence in the record. A "building performance" is one of only three
9  possible ratings a MillerCoors employee may receive; building performance separates the lowest
10 rating, "unacceptable performance," from the highest rating, "successful performance." Pl.'s Ex.
11 A, ECF No. 22-5, at 60. Plaintiff's counsel confirmed at hearing that plaintiff did not, at any time
12 relevant to this lawsuit, receive an unacceptable performance rating. Evidence in the record
13 suggests "half the organization" received building performance reviews the year plaintiff was
14 fired. *See* Madden Dep. at 189. There is also evidence plaintiff's performance improved shortly
15 before his termination: His sales performance was better in 2015 than 2014, and his supervisors
16 acknowledged he was on track to receive a successful performance rating at the end of 2015, soon
17 before his termination. Opp'n at 19 (citing Madden Dep. at 49-50 (ECF No. 22-7)); *see also* ECF
18 No. 22-7 at 102-03 (emails between Kyle Weinsheim and Dave Madden); ECF No. 22-6 at 19-20
19 (emails between Alison Palmer and Carl Schmuhl).

20 A reasonable juror could find plaintiff's performance remained satisfactory despite
21 his building performance ratings, given that he never received an unsuccessful performance
22 rating. Because this is the only disputed element,[2] plaintiff has established a *prima facie* case as
23 to both discrimination claims.

---

[2] The briefing does not discuss whether plaintiff, a male, falls within a protected class for his gender discrimination claim. The court does not reach the issue because MillerCoors concedes the element for purposes of this motion. *See* Summ. J. Mot. at 6.

4

B. Legitimate Basis for Termination

The burden shifts to MillerCoors to proffer a legitimate reason, with supporting evidence, for having terminated plaintiff. *Wallis*, 26 F.3d at 889. To meet this burden, MillerCoors cites not only plaintiff's five consecutive substandard reviews, but also significant setbacks with plaintiff's two biggest accounts, all of which occurred before plaintiff's termination. Summ. J. Mot. at 7; Def. Facts 48-51, 59. MillerCoors argues the setbacks show plaintiff was fired exclusively for his inadequate job performance. Summ. J. Mot. at 7. MillerCoors further argues, with supporting evidence, that the younger woman who replaced plaintiff was more qualified than he, and that this woman was the only internal candidate to apply. Summ. J. Mot. at 8; Def. Facts 60-63. MillerCoors has satisfied its burden.

C. Pretext

The burden thus shifts back to plaintiff to show MillerCoors's stated reason is pretextual. *Wallis*, 26 F.3d at 889. He can do so either by discrediting MillerCoors's explanation or by showing unlawful discrimination more likely drove his termination. *Id.*; *see also Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1127 (9th Cir. 2000). At this turn, plaintiff need not submit additional evidence; he can rely on the evidence supporting his *prima facie* case if that evidence casts doubt on the employer's proffered reasons. *Chuang*, 225 F.3d at 1127; *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 143 (2000) ("the trier of fact [may] infer the ultimate fact of discrimination from the falsity of the employer's explanation.") (citations omitted); *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 356 (2000) ("dishonest reasons, considered together with the elements of the *prima facie* case, may permit a finding of prohibited bias.") (citations omitted).

As discussed below, a reasonable juror could doubt MillerCoors's proffered explanation for plaintiff's termination.

1. Age Discrimination

Based on the record before the court, a reasonable juror could infer plaintiff was unlawfully terminated based on his age. First, plaintiff has testified to comments from supervisors showing they were concerned about his age. At an October 2015 client dinner, for

instance, Dave Madden asked plaintiff "out of the blue" how old he was. Pl.'s Dep. at 163-65 (ECF No. 22-5). When plaintiff said 61, Madden was "visibly shocked" and immediately asked when plaintiff planned to retire. *Id*. at 164-65 (testifying two others heard conversation); *cf*. Madden Dep. at 36-37 (denying conversation). After plaintiff's year-end 2014 review and again after his mid-2015 review, his supervisor, Kyle Weinsheim, asked him when he would retire and whether he was tired of not reaching his numbers. Opp'n at 6 (citing Pl.'s Dep. at 75). From these comments, a reasonable jury could infer discriminatory animus, *Reid v. Google, Inc*., 50 Cal. 4th 512, 545 (2010) ("the probative value of the challenged [ageist] remark turns on the facts of each case"), and any credibility determination is for the jury, *see United States v. Kilby*, 443 F.3d 1135, 1140 (9th Cir. 2006).

Second, evidence suggests MillerCoors fired plaintiff prematurely, in the middle of his structured 90-day improvement plan. *See* Def.'s Facts 53, 59. This improvement plan, which began on November 18, 2015, and set goals for plaintiff to achieve by February 20, 2016, was purportedly designed to avoid termination. *See* Plan Document, ECF 22-7 at 106-08. Although nothing prevented MillerCoors from terminating employees in the middle of the improvement plan, doing so was not standard. *Id.* (explaining Plan was to "remain in effect over the course of the next 90 days unless [plaintiff's] performance deteriorate[d] or there [wa]s a missed milestone."). A reasonable juror could infer discriminatory animus from MillerCoors's decision to fire plaintiff just one month into his improvement plan, given that plaintiff has pointed to evidence showing his performance was improving, as opposed to deteriorating, and that he did not miss a critical milestone. *See* Opp'n at 22 (citing Madden Dep. at 71-72, 90-91, 111-119); Def.'s Facts 56, 59 (termination decision made in mid-December 2015, with termination effective on January 5, 2016); *see also Porter v. Cal. Dept. of Corr*., 419 F. 3d 885 (9th Cir. 2005) (reversing summary judgment order; finding employer's deviations from its own protocol supported inference of pretext).

Third, plaintiff's evidence shows, contrary to MillerCoors's proffered justification, that plaintiff's performance was improving before he was fired. For instance, within days of plaintiff's termination decision, Madden conceded plaintiff was "on track to receive a successful

6

performance rating in 2015"; Palmer described plaintiff as "heads-in and is going to work hard . . . to hit the objectives laid out in the [improvement] plan"; and Schmuhl said plaintiff was "committed to improving."  ECF No. 22-6 at 19-20 (emails); Madden Dep. at 300-02.

With this evidence, a reasonable juror could conclude plaintiff was terminated unlawfully based on his age: He was fired just halfway through his 90-day improvement plan, despite his improved performance, only days before his potentially successful 2015 year-end rating, and he was fired after two of his supervisors revealed concerns about his advanced age and lack of retirement plans.  Summary judgement is DENIED as to Claim 1.

2. Gender Discrimination

A reasonable juror could also infer plaintiff's termination was based on gender discrimination.  Plaintiff cites evidence showing that a month before placing him on the improvement plan, MillerCoors was actively promoting women into leadership as part of "Project Theodora."[3]  Opp'n at 10; Pl.'s Fact 15 (ECF No. 22-2).  MillerCoors aimed to increase women in leadership by 28 percent before the end of 2015.  Opp'n at 10 (citing Project Theodora PowerPoint Presentation, Ex. H at Bates No. MillerCoors-002096).  In September 2015, MillerCoors held a Project Theodora promotional event, and then a month later spontaneously replaced plaintiff's male boss Kyle Weinsheim with a woman, Alison Palmer, though Palmer had not applied for the position.  Pl.'s Fact 15; Def.'s Fact 26.  Then in mid-December 2015, before plaintiff could receive his potentially successful year-end review, MillerCoors terminated him and replaced him with a woman.  Def.'s Fact 59.  And again, MillerCoors decided to fire plaintiff just one month into his 90-day improvement plan.  Pl.'s Fact 33.

---

[3] The record does not make clear the inspiration for the project's name, but Byzantine Empress Theodora was a powerful historical personage, with her own court, official entourage and imperial seal, and was considered a joint leader with her husband Emperor Justinian I (527–565 A.D.), who publicly referred to Theodora as his "partner."  *See* https://en.wikipedia.org/wiki/Theodora_(6th_century)#cite_note-14 (last visited on Aug. 13, 2018).

With this evidence, a reasonable juror could find MillerCoors fired plaintiff and replaced him with a woman because of his gender. Summary judgement is DENIED as to Claim 2.

### III. FAILURE TO PREVENT DISCRIMINATION (Claim 3)

Plaintiff's failure to prevent discrimination claim likewise survives summary judgment. Compl. ¶¶ 34-39 (citing FEHA); *see* Cal. Gov't Code § 12940(k) ("It is an unlawful employment practice . . . [f]or an employer . . . to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."). Courts treat failure to prevent discrimination claims as "derivative of [FEHA] discrimination claim[s]." *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1098-99 (E.D. Cal. 2017) (citing cases); *see also Trujillo v. N. Cty. Transit Dist.*, 63 Cal. App. 4th 280, 289 (1998). Because plaintiff's FEHA discrimination claims survive summary judgment, so too does his failure to prevent discrimination claim. Summary judgment is DENIED as to Claim 3.

### IV. PUNITIVE DAMAGES REQUEST

Plaintiff seeks punitive damages for the alleged discriminatory termination discussed above. *See* Compl. at 9 (Prayer No. 4).

In employment discrimination cases, a corporation may be liable for punitive damages if the discriminatory acts were committed by policy-making employees with sufficiently culpable intent. *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 167 (2000). For a punitive damages request to survive summary judgment, there must be evidence from which a reasonable juror could find, by "clear and convincing evidence," the discriminatory acts were committed with "oppression, fraud, or malice." Cal. Gov't Code §§ 3294(a), (b); *Harbison v. Am. Motorists Ins. Co.*, 636 F. Supp. 2d 1030, 1044 (E.D. Cal. 2009) ("The evidence must be so clear as to leave no substantial doubt and sufficiently strong to command the unhesitating assent of every reasonable mind.") (quoting *Shade Foods v. Innovative Prods. Sales Mktg., Inc.*, 78 Cal. App. 4th 847, 891 (2000)). This heightened "clear and convincing" standard applies to all litigation phases, including summary judgment. *Adams v. Allstate Ins. Co.*, 187 F. Supp. 2d 1219, 1231 (C.D. Cal. 2002); *Spinks v. Equity Residential Briarwood Apts.*, 171 Cal. App. 4th 1004, 1053 (2009)

("where the plaintiff's ultimate burden of proof will be by clear and convincing evidence, the higher standard of proof must be taken into account in ruling on a motion for summary judgment or summary adjudication") (citations and quotations omitted).

Here, plaintiff has not engaged in the required analysis in opposing defendant's motion. He argues only that because "the evidence presented [to support the discrimination claims] is equally relevant to show that Defendant is liable to Plaintiff for punitive damages, [the punitive-damages demand] should also go to the jury." Opp'n at 25. As discussed at hearing, however, the requirements for a viable punitive damages request are "distinct." *Larkin v. Home Depot, Inc.*, No. 13-CV-2868-LB, 2015 WL 1049716, at *1 (N.D. Cal. Mar. 9, 2015); *Scott v. Phoenix Schools, Inc.*, 175 Cal. App. 4th 702, 716 (2009) (affirming wrongful-termination judgment for plaintiff but reversing punitive award). Plaintiff's counsel's argument at hearing, namely that MillerCoors's attempts to ratify or conceal the discriminatory basis for plaintiff's early termination, does not save this damages claim: Counsel cited no authority to show such conduct meets this uniquely high standard, let alone evidence "sufficiently strong to command the unhesitating assent of every reasonable mind." *Harbison*, 636 F. Supp. 2d at 1044 (quoting *Shade Foods*, 78 Cal. App. 4th at 891).

Because evidence of discrimination does not alone justify sending a punitive-damages demand to a jury, and given that the record raises no factual disputes as to the culpable intent requirement, MillerCoors's summary judgment motion is GRANTED as to plaintiff's punitive damages demand. *See Larkin*, 2015 WL 1049716, at *3 (deciding the same); *Evans v. Sears Logistics Servs., Inc.*, 2011 WL 6130885, *16 (E.D. Cal. Dec. 8, 2011) (same).

/////
/////
/////
/////
/////
/////
/////

## V. CONCLUSION

The court DENIES MillerCoors's summary judgment motion on all claims but GRANTS the motion as to the punitive damages demand. Because this ruling does not turn on evidence referenced for the first time in MillerCoors's reply, plaintiff's motion to strike is DENIED as MOOT.

IT IS SO ORDERED.

This resolves ECF Nos. 18 and 27.

DATED: August 14, 2018.

_____
UNITED STATES DISTRICT JUDGE