UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BLINCOW, | No. 2: 16-cv-01771-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| MILLERCOORS, LLC and DOES 1 through 10, inclusive, | |
| Defendants. | |

On July 13, 2018, the court conducted a final pretrial conference. Having reviewed the parties' joint pretrial statement, having considered the statements of counsel at the conference and good cause appearing, the court makes the following findings and orders:

JURISDICTION/VENUE

The parties do not contest jurisdiction or venue. Jurisdiction is predicated on 28 U.S.C. § 1332 (diversity jurisdiction) and Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

JURY/NON-JURY

Plaintiff has requested a jury trial. Plaintiff requests a "full jury"; defendant requests eight jurors. The court will empanel eight jurors.

////

////

JOINT STATEMENT OF THE CASE

The following statement will be read to the jury panel during voir dire and incorporated into preliminary jury instructions:

Plaintiff, Bruce Blincow, worked for defendant MillerCoors LLC and its predecessors from 1989 until January 5, 2016, when MillerCoors terminated his employment. When he was terminated, Blincow was a chain account executive, responsible for calling on certain MillerCoors customers in Northern California. Blincow alleges that MillerCoors discriminated against him by terminating him because of his age and his gender, and failed to take necessary steps to prevent discrimination, in violation of the California Fair Employment and Housing Act (FEHA). Blincow also alleges MillerCoors willfully failed to pay him all wages due and owing to him at the time of his termination in violation of the California Labor Code. MillerCoors asserts that it terminated Blincow solely as a result of poor performance and paid Blincow all to which he was entitled.

UNDISPUTED FACTS

1. Blincow began working for Coors Brewing Company, a predecessor of MillerCoors in 1989.
2. During 2015, Blincow was the Chain Account Executive, then the Senior Chain Account Executive on the Save Mart and FoodMaxx accounts, among others.
3. MillerCoors performs two employee evaluations a year, a mid-year evaluation and a full-year evaluation.
4. Blincow reported to Kyle Weinsheim from approximately 2013 until October 19, 2015, when Alison Palmer became Blincow's direct supervisor.
5. Dave Madden decided to place Blincow on a 90-day performance improvement plan ("PIP"), effective November 18, 2015.
6. In or about the spring of 2015, David Velarde of Save Mart pulled half of the Save Mart sets from MillerCoors.
7. In or about October 2015, David Velarde of Save Mart pulled the remaining Save Mart sets from MillerCoors.

8. In or about December 2015, Daniel Spengler of FoodMaxx told Madden and Palmer he was pulling the captaincy from MillerCoors and giving it to Constellation Beverages.
9. On January 5, 2016, MillerCoors terminated Blincow's employment before the end of the PIP.
10. Blincow was 61 years old when MillerCoors terminated his employment.
11. Blincow was replaced by Stacey Thorston, a female in her 30s.

DISPUTED FACTUAL ISSUES[1]

1. Whether Weinsheim ever asked Blincow "when are you going to retire?"
2. Whether Blincow overheard Carl Schmuhl say "we have a bunch of old white guys around here like oak trees."
3. Whether Madden asked Blincow "how old are you?" or "when are you planning to retire?"
4. Whether Dan Werth and Brian Erhardt heard Madden ask Blincow how old he was and when he was planning to retire, and if so, how Blincow responded.
5. Who made the decision to terminate Blincow.
6. Whether during Blincow's employment, MillerCoors' anti-discrimination and harassment policy, retaliation policy, and EEO policy were available on the company's intranet site.
7. Whether plaintiff's age or gender was a motivating factor for his termination.
8. Whether MillerCoors took reasonable steps to prevent discrimination.
9. Why SaveMart and FoodMaxx gave MillerCoors' captaincies to competitors, and what Madden was told as to the reasons.
10. Whether MillerCoors moved Hermel off the SaveMart and FoodMaxx accounts because of the loss of half of the SaveMart captaincy.
11. Whether MillerCoors moved several men out of management, including Kyle Weinsheim and Dave Madden, and replaced them with women in order to advance Project Theodora.

---

[1] The court has simplified and condensed plaintiff's proffered disputed facts to minimize redundancies.

3

12. Whether SaveMart cancelled the fall resets and reassigned the captaincy because the new MillerCoors Category Manager, Rich McClung, missed schematics deadlines.

13. Whether Madden's justifications to put Blincow on a PIP were false.

14. Whether Spengler told Madden and Palmer at the December 16, 2015 meeting the reasons for giving away MillerCoors' FoodMaxx captaincy.

15. Whether Madden knew the captaincy losses were not Blincow's fault when he wrote his December 17, 2015 email implying it was.

16. Whether Madden knew Blincow was tracking to meet the PIP goals when he made the decision to terminate plaintiff.

17. Whether, as a chain account executive, Blincow was responsible for communicating internal MillerCoors personnel decisions to his customers.

18. Whether it was Blincow's fault that MillerCoors received only three of the twenty-two items in the Save Mart Christmas ad.

19. Whether Blincow was confrontational with Jake Stevens.

20. Whether MillerCoors failed to pay plaintiff all wages due upon termination.

21. Whether this failure to pay was willful.

22. The extent of Blincow's damages.

## DISPUTED EVIDENTIARY ISSUES

The parties agree the court need not resolve any evidentiary issues before trial.

## FURTHER DISCOVERY OR MOTIONS

Defendants' summary judgment motion and plaintiff's motion to strike are decided in a separate order being filed contemporaneously with his order.

## STIPULATIONS

N/A

## RELIEF SOUGHT

Plaintiff seeks general damages, special damages, attorneys' fees under California Government Code section 12965(b) and Labor Code section 218.5, punitive damages, and costs.

/////

Defendant seeks attorneys' fees under Government Code section 12965(b) and Labor Code section 218.5.

POINTS OF LAW

The court has reviewed the parties' points of law. Trial briefs of no more than ten pages addressing these points more completely and customized to trial are due seven days before trial.

WITNESSES

The parties' joint witness list is attached as **Exhibit A**.

    A.    The court will not permit any other witness to testify unless:

        (1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

        (2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

    B.    Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

        (1) The witness could not reasonably have been discovered prior to the discovery cutoff;

        (2) The court and opposing parties were promptly notified upon discovery of the witness;

        (3) If time permitted, the party proffered the witness for deposition; and

        (4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

EXHIBITS, SCHEDULES AND SUMMARIES

The parties' joint exhibit list is attached as **Exhibit B**.

All exhibits must be premarked.

/////

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit. Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than twenty-eight days before trial. Any objections to exhibits are due no later than fourteen days before trial.

A. The court will not admit exhibits other than those identified on the exhibit list referenced above unless:

> 1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or
>
> 2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

B. Upon discovering exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility. The exhibits will only be received if the proffering party demonstrates:

> 1. The exhibits could not reasonably have been discovered earlier;
>
> 2. The court and the opposing parties were promptly informed of their existence; and
>
> 3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

DEPOSITION TRANSCRIPTS AND DISCOVERY DOCUMENTS

The parties have included on their joint exhibit list portions of depositions they expect to use in their cases-in-chief, and these are incorporated within **Exhibit B**. *See* ECF No. 30 at 4, 6. Counsel must lodge the sealed original copy of these deposition transcripts with the Clerk of the Court on the first day of trial.

The parties have also identified discovery documents they intend to use for impeachment or rebuttal purposes. ECF No. 29 at 10. For these purposes only, defendant intends to offer (1) Plaintiff's Initial Disclosures; and (2) Plaintiff's Response to Defendant's Interrogatories, Set

One.  For these purposes only, plaintiff intends to offer (1) Defendant's Initial Disclosures; (2) Defendant's Response to Plaintiff's Interrogatories, Set One; (3) Defendant's Supplemental Response to Plaintiff's Interrogatories, Set One; (4) Defendant's Response to Plaintiff's Interrogatories, Set Two; (5) Defendant's Responses to Plaintiff's Request for Production of Documents, Set One; and (6) Defendant's First Supplemental Responses to Plaintiff's Request for Production of Documents, Set One.

AMENDMENTS/DISMISSALS

N/A.

SETTLEMENT

The parties have agreed to participate in a court-convened settlement conference. Magistrate Judge Kendall J. Newman has been randomly selected.  The parties are therefore ORDERED to attend a settlement conference on **September 26, 2018 at 9:00 AM** in Courtroom 25 before Judge Newman.  The parties shall each have a principal with full settlement authority physically present at the conference.  *Id.*  The parties shall adhere to Judge Newman's requirements and instructions in preparing for the conference.  Within no later than seven days after the conclusion of the settlement conference, the parties shall notify this court of the result.

SEPARATE TRIAL OF ISSUES

N/A.

IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

Defendant disclosed no expert witnesses.  Plaintiff disclosed Dr. Charles R. Mahla.  No other non-percipient witnesses will be called at trial.  The parties agree the court need not appoint an impartial expert witness or limit the number of expert witnesses.

TRIAL PROTECTIVE ORDER

N/A.

ATTORNEYS' FEES

The parties agree attorneys' fees will be determined following trial.

/////

/////

ESTIMATED TIME OF TRIAL/TRIAL DATE.

The court confirmed a 5 to 10 day trial, to begin on **February 19, 2019 at 9:00 AM** in Courtroom 3 before the undersigned. The court directed the parties meet and confer regarding the estimated length of trial and provide a more accurate trial estimate prior to the first day of trial. The court advised the parties that if the court's trial calendar opens up, the parties may be contacted to see if they are available for an earlier trial date.

PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties shall file any proposed jury voir dire seven days prior to trial. Each party will be limited to ten minutes of jury voir dire.

Counsel shall meet and confer in an attempt to generate a joint set of jury instructions and verdicts, to be identified as "Jury Instructions and Verdicts Without Objection." If the parties cannot agree on all or some instructions and verdicts, they shall file their respective proposed instructions. All proposed instructions and verdicts, whether agreed or disputed, shall be filed fourteen days before trial. The parties shall also e-mail a copy as a word document to kjmorders@caed.uscourts.gov; all blanks in form jury instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed seven days before trial; each objection shall identify the challenged instruction and concisely explain the objection with authority. When applicable, the objecting party shall submit an alternative proposed instruction or identify which of his or her own proposed instructions covers the subject.

OBJECTIONS TO PRETRIAL ORDER

Each party has fourteen days to object to any portion of this order. If no objections are filed, the order will become final without further order of this court.

IT IS SO ORDERED.

DATED: August 14, 2018.

UNITED STATES DISTRICT JUDGE

**EXHIBIT A: Joint Witness List**

1. Bruce Blincow
2. Dave Madden
3. Alison Palmer
4. Carl Schmuhl
5. Kyle Weinsheim
6. Brian Erhardt
7. Dan Werth
8. Dan Spengler
9. David Velarde
10. Dr. Charles R. Mahla
11. Rebuttal or impeachment witnesses, as needed

**EXHIBIT B: Joint Exhibit List**

| | | |
|---|---|---|
| A. | Emails Schmuhl and Blincow 02/04/2016, MillerCoors-000231-33 |
| B. | Email Blincow to Schmuhl 01/13/2016 MillerCoors-00239 |
| C. | Emails Schmuhl and Blincow, MillerCoors-000242-43 |
| D. | Email Schmuhl to Blincow 01/05/2016, MillerCoors-000272, 278-80 |
| E. | Email Schmuhl to Blincow, MillerCoors-000281-82 |
| F. | Email Madden to Schmuhl and Erhardt 01/04/2016, MillerCoors-000300-06 |
| G. | Email Schmuhl and Palmer 11/19/2015, MillerCoors-000311-12 |
| H. | Email Palmer to Schmuhl 11/19/2015 with PIP, MillerCoors-000316-318 |
| I. | Email Schmuhl to Blincow 01/11/2016, MillerCoors-000346-48 |
| J. | Email Helmes to others 01/05/2016, MillerCoors-000359 |
| K. | Email Schmuhl to Madden 12/07/2015, MillerCoors-000374-75 |
| L. | Email Madden to Schmuhl 11/17/2015, MillerCoors-000382-85 |
| M. | Email Schmuhl to Madden 10/29/2015, MillerCoors-000388-39 |
| N. | Email Madden to Schmuhl 10/26/2015, MillerCoors-000391-92 2014 Calibration, MillerCoors-000563-641 |
| O. | Performance Management 2014 Changes PPT, MillerCoors-001254-77 |
| P. | Anti-Retaliation Policy, MillerCoors-001519-21 |
| Q. | Discrimination and Harassment Free Work Environment, MillerCoors-001521-23 |
| R. | Code of Conduct, MillerCoors-001524-48 |
| S. | At-Will Employment, MillerCoors-001555-56 |
| T. | Equal Employment Opportunities, MillerCoors-001560-61 |
| U. | Harassment Awareness certifications, MillerCoors-001580-85 |
| V. | Email Schmuhl to Madden 12/07/2015, MillerCoors-001908-09 |
| W. | Performance Review Template 7/10/14, MillerCoors-001944-45 |
| X. | Blincow Work Plan, MillerCoors-002064-68 |
| Y. | Spreadsheet, MillerCoors-002069-74 |

| | | |
|---|---|---|
| Z. | Women in Beer Networking with SLT, MillerCoors-002088-89 | |
| AA. | AB Project Theodora, MillerCoors-002090-98 | |
| BB. | Women in Beer Strategy, MillerCoors-002101 | |
| CC. | Women in Beer PowerPoint, MillerCoors-002102-27 | |
| DD. | Blincow IDP, MillerCoors-002161-65 | |
| EE. | Email Blincow to Madden 10/28/2015, MillerCoors-002168 | |
| FF. | Blincow 2016 Chain Plans, MillerCoors-002169-2176 | |
| GG. | Blincow email to Palmer 11/03/2015, MillerCoors-002184-85 | |
| HH. | Email Madden to Blincow and Palmer 11/30/2015, MillerCoors-002262-63 | |
| II. | Email Schmuhl to Madden 10/29/2015, with attachments, MillerCoors-002273- | |
| JJ. | Email Madden to Werth, MillerCoors-002298-99 | |
| KK. | Email Madden to Palmer, MillerCoors-002302-03 | |
| LL. | Email Erhardt to Madden and Schmuhl 01/04/2016, MillerCoors-002304-05 | |
| MM. | Email Madden to Erhardt 10/26/2015, MillerCoors-002310 | |
| NN. | Email Erhardt to Madden and Schmuhl 12/18/2015, MillerCoors-002311-12 | |
| OO. | Email Madden to Schmuhl 10/26/2015, MillerCoors-002313-14 | |
| PP. | Email Madden to Schmuhl 12/18/2015, MillerCoors-002317-18 | |
| QQ. | Email Palmer to Madden and Schmuhl 12/03/2015, MillerCoors-002319-20 | |
| RR. | Email Weinsheim to Madden 10/28/2015, MillerCoors-002321-22 | |
| SS. | Email Palmer to Madden and Schmuhl 11/30/2105, MillerCoors-002350-55 | |
| TT. | Email with Top-to-top Plans, MillerCoors-002851-68 | |
| UU. | Email Blincow to Palmer with attachment 11/28/2015, MillerCoors-002869-2874 | |
| VV. | Blincow Performance Reviews MillerCoors-000087-112, 002275-76, 2280-82, 2283 84, 2285-95, 2296-97 | |
| WW. | Blincow training sign-offs MillerCoors-000018, 69 | |
| XX. | Deposition of Carl Schmuhl, December 8, 2017 (if needed in place of live testimony) | |
| YY. | Deposition of Daniel F. Spengler, December 21, 2017 (if needed in place of live testimony) | |

| | | |
|---|---|---|
| ZZ. | | Deposition of David Velarde, December 22, 2017 (if needed in place of live testimony) |
| AAA. | | Any document necessary for rebuttal or impeachment |
| BBB. | | Email Blincow to Hermel, McClung and Hoyle 6/30/15, BB 02008-2009 |
| CCC. | | Email string Blincow, Weinsheim, Hermel, Madden, Hoyle, 6/18/15, BB 01908 |
| DDD. | | Email Blincow to Madden and Palmer, 12/17/15, BB 01038 |
| EEE. | | Email Palmer to Schuhl, 11/19/15, MillerCoors-000378-381 |
| FFF. | | Email string 11/29/15 to 12/7/15, MillerCoors-002333-2334 |
| GGG. | | Email Schmuhl to Szeluga, 12/9/15, MillerCoors-2903-2911 |
| HHH. | | Email string 12/30/15 to 1/4/16, MillerCoors-2323-2329 |
| III. | | Email string 12/30/15 to 1/4/16, MillerCoors-2330-2331 |
| JJJ. | | Email between Schmuhl and Blincow, 1/14/16, MillerCoors-2377 |
| KKK. | | Email string 1/11/16 to 1/12/1, MillerCoors-2783-2784 |
| LLL. | | Email between Schmuhl and Blincow, 1/27/16, MillerCoors-2767-2776 |
| MMM. | | Email string 10/26/15, MillerCoors-2156-2157 |
| NNN. | | Email string 10/27/15-10/28/15, MillerCoors-2168 |
| OOO. | | Email Blincow to Palmer, Riecks, Owens, 11/3/15, MillerCoors-002186-2189 |
| PPP. | | MillerCoors 2016 Chain Plans, MillerCoors-002192-2201 |
| QQQ. | | Emails between Blincow and Palmer, 11/12/15, MillerCoors-002260-2261 |
| RRR. | | Email Blincow to Palmer, 11/13/15, MillerCoors-002160-2167 |
| SSS. | | Email Blincow to Palmer, with attachments, 11/20/15, MillerCoors-002876-2899 |
| TTT. | | Email Palmer to Blincow, 11/20/15, MillerCoors-002900 |
| UUU. | | Email Blincow to Palmer, 11/23/15, MillerCoors-002847-2849 |
| VVV. | | Email Blincow to Velarde, Palmer and Vowell, 12/2/15, MillerCoors-002875 |
| WWW. | | Email Palmer to Blincow 12/3/15, MillerCoors-002264-2270 |
| XXX. | | Email string 11/29/15 to 12/7/15, MillerCoors-002300-2301 |
| YYY. | | Email Blincow to Palmer 12/9/15, MillerCoors-002178-2181 |
| ZZZ. | | MillerCoors 2016 Chain Plans, MillerCoors-002239-2246 |

| | | |
|---|---|---|
| | AAAA. | Email Palmer to Madden 12/21/15, MillerCoors-002342-2349 |
| | BBBB. | Email Madden to Schmuhl and Erhardt 1/4/16, MillerCoors-002149-2155 |
| | CCCC. | Email Blincow to Palmer 11/30/15, MillerCoors-002224-2229 |
| | DDDD. | Email Palmer to Schmuhl 11/19/15, MillerCoors-002145-2148 |
| | EEEE. | Email Schmuhl to Madden 10/29/15, MillerCoors-002273-2297 |
| | FFFF. | Email Hoyle to Blincow 9/3/15, MillerCoors-001947 |
| | GGGG. | Email Blincow to Voss, Hoyle, Weinsheim, and Madden 7/24/15, MillerCoors-001972 |
| | HHHH. | Email Madden to Weinsheim, 4/28/15, MillerCoors-001976 |
| | IIII. | MillerCoors Organizational Charts, MillerCoors-001549-1551 |
| | JJJJ. | Mitigation Log, BB 01053-1058 |
| | KKKK. | Mitigation Log, BB00849-854 |
| | LLLL. | Resume, BB 00837-838 |
| | MMMM. | Awards, MillerCoors-001580 |
| | NNNN. | Email from Kevin Doyle to DL MillerCoors All Sales, BB-00293-296 |
| | OOOO. | Text messages between Blincow and Weinsheim, BB 01625-1629 |
| | PPPP. | Emails from various people, BB01631-1664 |
| | QQQQ. | Text messages between Blincow and Spengler, BB 01777-1778 |
| | RRRR. | Deposition of Dave Madden, December 18 & 19, 2017 |
| | SSSS. | Deposition of Allison Palmer, November 17, 2017 |
| | TTTT. | Deposition of Bruce Blincow, July 12 and December 19, |